DAVID L. BARLASS, PLAINTIFF IN ERROR, V. MARY MAY, DEFENDANT IN ERROR.

County Courts: SERVICE OF PROCESS WHEN SHERIFF IS PARTY. Process issued out of the county court may be directed to and served by the coroner, in cases where the sheriff of the county is a party.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*A. H. Bowen*, for plaintiff in error.

*Tanner & Capps*, for defendant in error.

COBB, CH. J.

This was an action of replevin in the county court against the sheriff of the county. The replevin summons was directed to and served by the coroner. The defendant made a special appearance, and objected to the jurisdiction of the court over his person. The court overruled the objection. Judgment being rendered for the plaintiff, the cause was taken to the district court on error. The judgment being affirmed, the cause is brought to this court on error.

But one question is presented by this record. May a writ issued out of the county court, be directed to and executed by the coroner, when the sheriff of the county is the defendant to be served? Section 1 of an act entitled "An act supplementary to an act entitled 'An act concerning counties and county officers,'" approved March 1, 1879, approved March 31, 1881, provides as follows:

"Sec. 1. Every coroner shall serve and execute process of every kind and perform all other duties of the sheriff when the sheriff shall be a party to the case, or whenever affidavit shall be made and filed as provided in the suc-

ceeding section, and in all such cases he shall exercise the same powers and proceed in the same manner as prescribed for the sheriff in the performance of similar duties." Laws of 1881, 222. Comp. Stat., chap. 18, art. III, sec. 15.

When we consider the language of the title of this act, that it is not an act concerning courts or suitors in any court, but concerning county officers, and of the section itself, that it makes it the duty of the coroner to "serve and execute process of every kind,"    *    *    *    "when the sheriff shall be a party to the case," it would seem that the view, that the duties of the coroner to serve process in the class of cases designated was confined to such cases in the district court, is a little strained and far-fetched, and, although it is supported by a dicta of the late Justice Paine, of the supreme court of Wisconsin, when considering a statute of that state of which ours is an exact copy, and notwithstanding my high regard for even a dicta of that distinguished judge, I do not think that it can be sustained.

The language of the act is comprehensive. It includes process of every kind "when the sheriff shall be a party," and while it is unnecessary to say—and I do not say—that a service of process issued by a justice of the peace in a case where the sheriff is a party may not be made by a constable, yet it is a *non sequitur*, that because the process might be served by a constable, it cannot be served by a coroner. I think that the service by the coroner in the case at bar is good.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.